UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>Joseph A. Foistner<br><br>Debtor | Chapter 7<br>Case No. 17-10796-MAF |
| Victor W. Dahar, Chapter 7 Trustee,<br><br>Plaintiff<br><br>v.<br><br>Joseph A. Foistner et al.<br><br>Defendants | Adversary Proceeding<br>No. 19-01033-MAF |

### ORDER DENYING MOTION TO WAIVE FEES FOR NOTICES OF APPEAL

In this adversary proceeding, four notices of appeal were filed on October 2, 2024 [Dkt. Nos. 423, 427, 431, 435], and five notices of appeal were filed on November 1, 2024 [Dkt. Nos. 454, 456, 458, 460, 462]. The Clerk of Court assessed $298.00 in fees for each notice of appeal. *See* 28 U.S.C. § 1930(b)-(c).[1] Defendants Joseph A. Foistner and Laurie J. Foistner then filed a motion asking the Court to waive those fees [Dkt. No. 506]. They make their request as individuals. They also seek to make the request on behalf of others. For the reasons below, the motion is denied.

---

[1] Of the $298.00 in fees assessed for each notice: $293.00 was assessed under section 1930(b) (based on Notice of Appeal Fee in item 14 of the Bankruptcy Court Miscellaneous Fee Schedule set by the Judicial Conference of the United States (eff. Nov. 1, 2011)); and $5.00 was assessed as a statutory fee under section 1930(c).

<u>Mr. and Mrs. Foistner</u>

To support their request for fee waivers, the Foistners attached a completed and signed Official Form 122A-1 (Chapter 7 Statement of Your Current Monthly Income), disclosing "current monthly income" of $253.10. In their motion, they indicate that, following the form's instructions, they may have excluded income from that total—namely, Social Security benefits and certain federal funds received based on disabilities and injuries related to military service.

Official Form 122A-1 is not enough here. That form is used to examine whether discharging debts under chapter 7 of the Bankruptcy Code might allow a particular debtor to abuse the bankruptcy process. *See* 11 U.S.C. § 707(b)(1), (b)(2)(C). A debtor's "current monthly income" matters there. *E.g.*, 11 U.S.C. § 707(b)(2)(A)(i). In defining that phrase, Congress has expressly excluded certain types of income, *see* 11 U.S.C. § 101(10A), as reflected in the instructions for Official Form 122A-1. Congress has not, however, used that phrase (or any similarly limited definition or language) in the law on fee waivers. *See* 28 U.S.C. § 1930(f).[2] Likewise, in the law on "proceedings in forma pauperis"—under which courts can allow an impoverished appellant to proceed without prepaying the fees—Congress has not limited the income types that a court can consider. *See* 28 U.S.C. § 1915(a).

When deciding whether to waive appellate fees and whether to allow an appellant to proceed without prepaying the fees, federal courts generally must consider income from all sources, along with expenses, assets, liabilities, and other factors. *See, e.g.*, 28 U.S.C. §§

---

[2] In their motion, the Foistners quote extensively from a relevant portion of a federal Guide to Judiciary Policy. In doing so, they emphasize a reference to "'Total Combined Monthly Income' as reported (or as will be reported) on Schedule I." Unlike Official Form 122A-1, Schedule I requires the disclosure of regular income from all sources without exclusion, and the "*combined* monthly income" there is not the same as "*current* monthly income" under 11 U.S.C. § 101(10A). *See also* 11 U.S.C. § 521(a)(1)(B)(ii) (requiring debtors to file "a schedule of current income," which requirement is met by individuals through filing the Schedule I form).

1915(a), 1930(f)(1)-(2); Fed. R. App. P. 24(a)(1); In re Cary, No. 5:16-CV-943-BR, 2017 WL 1501395, at *1-2 (E.D.N.C. Apr. 26, 2017) (applying § 1930(f) in affirming denial of appellate fee waiver).  Here, the Foistners have provided information about some of their income but almost nothing else.  Their request to waive the appellate fees due from them individually is denied as inadequately supported.

If the Foistners wish to file any further motion requesting individual fee waivers, they must include the affidavit required under Federal Rule of Appellate Procedure 24(a)(1).  *See* 28 U.S.C. § 158(c)(2) (requiring that appeals from bankruptcy court decisions "be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts"); Fed. R. App. P. 1(a)(1) (noting that Federal Rules of Appellate Procedure "govern procedure in the United States courts of appeals").[3]

The Foistners should also consider including legal support for their argument that this Court could grant to each one of them the relief sought.  A bankruptcy court's authority to waive fees for qualifying individual chapter 7 debtors is clear under 28 U.S.C. § 1930(f)(1)-(2). Its authority to waive fees for others is less so.  Section 1930(f)(3) suggests that the court could waive "fees prescribed under [section 1930, such as appellate fees assessed under subsections (b)-(c),] for *other debtors and creditors*."  *See* 28 U.S.C. § 1930(f)(3) (emphasis added).  But any such waivers must be "in accordance with Judicial Conference policy."  Id.; *see also* 28 U.S.C. § 331 (describing Judicial Conference of the United States).  No Judicial Conference

---

[3] Although the directive in 28 U.S.C. § 158(c)(2) seems to incorporate the Federal Rules of Appellate Procedure into appeals from the bankruptcy court, the Federal Rules of Bankruptcy Procedure also contain rules in Part VIII that govern such appeals, *see* Fed. R. Bankr. P. 8001(a).  The Part VIII rules, however, contain no provisions on fee waivers or deferrals.

policy, however, squarely addresses the matter.[4]  Some bankruptcy courts have thus instead turned to section 1915(a) to consider waiving the prepayment of individuals' fees—analyzing factors that other federal courts consider under section 1915(a), as outlined above.  *E.g.*, Boles v. Collins (In re Collins), Ch. 7 Case No. 17-10049-MEW, Adv. No. 17-01015-MEW, 2017 WL 979021, at *1-5 (Bankr. S.D.N.Y. Mar. 10, 2017) (collecting cases and rejecting view that bankruptcy courts are not authorized to act under § 1915); *cf.* In re Ray, No. 16-40111, 2016 WL 3211449, at *1-4 (Bankr. S.D. Ga. June 1, 2016) (applying analysis from § 1930(f)(1) and § 1915(a)(3) in considering appellate fee waiver for "other debtor[]" under § 1930(f)(3)).

Other Defendants

As noted, the Foistners have also requested appellate fee waivers on behalf of others—specifically, other defendants that are not individuals and not represented by counsel.  In general, the Foistners are not allowed to make such requests, although there is one possible exception involving Mrs. Foistner and Defendant DCMV Trust, discussed below.

The Foistners are each self-represented in this matter.  Because neither is a member of the bar of the United States District Court for the District of New Hampshire, the Foistners' authorization to each represent anyone other than themselves individually is almost nonexistent.  *See* Fed. R. Bankr. P. 9010(a); LBR 9011-2; LR 83.6(b)-(c); *see also* 28 U.S.C. § 1654; Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).  Under a local rule, however, Mrs. Foistner has been permitted to represent the DCMV Trust since December 2023—only because she has claimed to be

---

[4] The Judicial Conference adopted fee waiver procedures in response to the enactment of section 1930(f). Those procedures are in volume 4, chapter 8, of the Guide to Judiciary Policy, which is publicly available at https://www.uscourts.gov/sites/default/files/vol04_ch08.pdf (last visited Jan. 2, 2025).  Although the procedures contain a couple nonspecific citations that encompass subsection (f)(3), there is no direct discussion of subsection (f)(3) or contemplation of fee waivers for anyone other than individual debtors. Other courts have similarly concluded.  *E.g.*, Boles v. Collins (In re Collins), Ch. 7 Case No. 17-10049-MEW, Adv. No. 17-01015-MEW, 2017 WL 979021, at *1-2 (Bankr. S.D.N.Y. Mar. 10, 2017).

the trustee and sole beneficiary of that trust. Dec. 7, 2023 Order 3 [Dkt. No. 335] (citing LR 83.6(c)); *see also* Jan. 19 2024 Order 2 n.2 [Dkt. No. 372]. As to the other defendants, the Foistners have no authority to represent those defendants and have previously been advised of this limitation. *E.g.*, Jan. 19, 2024 Order 1 [Dkt. No. 372]; Dec. 7, 2023 Order 1-2 [Dkt. No. 335]; Nov. 21, 2023 Am. Order 1-2 [Dkt. No. 318]. The lack of authority alone warrants denial of requests on behalf of those defendants. And the requests are denied accordingly.

Mrs. Foistner's request on behalf of the DCMV Trust does not fare any better. Mrs. Foistner filed one of the October 2, 2024 notices of appeal on behalf of DCMV Trust [Dkt. No. 431]. Seeking now to waive the fee for that notice of appeal, Mrs. Foistner asserts: "DCMV TRUST is a **NO INCOME TRUST** – the Residential property owned by the Trust is the Homestead for both [of the Foistners], protected by New Hampshire Law." Mrs. Foistner offers no other apparent factual or legal support in requesting an appellate fee waiver for DCMV Trust. Her request is denied.

As explained above, the bankruptcy court's authority to waive fees for anyone other than individual chapter 7 debtors is less than clear. Any authority seems limited to granting relief to "other debtors and creditors." *See* 28 U.S.C. § 1930(f)(3). DCMV Trust has not shown that it is either one. Even if it did, a fee waiver would remain elusive. As indicated, no Judicial Conference policy governs fee waivers in the circumstances. And turning to 28 U.S.C. § 1915(a) also seems unlikely to help DCMV Trust. Although that law might authorize a court to waive the prepayment of appellate fees, such relief can be granted to natural persons only. Rowland, 506 U.S. at 196.

Dated: January 2, 2025

/s/ Michael A. Fagone
_____
Michael A. Fagone
United States Bankruptcy Judge
District of New Hampshire
(Sitting by Designation)