UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>Joseph A. Foistner<br><br>Debtor | Chapter 7<br>Case No. 17-10796-MAF |
| Victor W. Dahar, Chapter 7 Trustee,<br><br>Plaintiff<br><br>v.<br><br>Joseph A. Foistner et al.<br><br>Defendants | Adversary Proceeding<br>No. 19-01033-MAF |

## ORDER REGARDING APPELLATE RECORD

In this adversary proceeding, four related notices of appeal were filed on October 2, 2024 [Dkt. Nos. 423, 427, 431, 435]. A single designation of the record on appeal was filed two weeks later [Dkt. No. 445]. About a month after that, the Clerk of this Bankruptcy Court collected some of the items that were listed in the designation and sent them to the Clerk of the District Court, where the appeals are pending. The Clerk of the Bankruptcy Court also filed four certificates about this partial record having been sent, one certificate for each appeal [Dkt. Nos. 497, 498, 499, 500]. All based on the single designation of the record, the Clerk's certificates are effectively the same and, among other things, say why eight items that were designated to be in the record were not sent with the record.

Defendants Joseph A. Foistner and Laurie J. Foistner have filed a motion asking that the eight excluded items be sent to the District Court [Dkt. No. 507]. With one exception, the

Foistners attached each item to their motion. As set forth below, the motion is granted, in part, and denied, in part.

    I.    <u>Federal Rule of Bankruptcy Procedure 8009</u>

Rule 8009(a)(4) says what must be in the record on appeal. Among other things, that record must include "items designated by the parties." Fed. R. Bankr. P. 8009(a)(4). A bankruptcy court clerk assembles and sends the record to the clerk of the appellate court. *See* Fed. R. Bankr. P. 8009(g), 8010(b)(1). The parties to the appeal must assist the bankruptcy court clerk in that process. Fed. R. Bankr. P. 8009(g). Ultimately, the record is intended to show the appellate court what the bankruptcy court considered, or was able to consider, when making the specific decision being appealed. *See* Fed. R. Bankr. P. 8009(e)(1); *cf.* Fed. R. Bankr. P. 8009(d)(1)-(2).

Rule 8009 limits a bankruptcy court's ability to adjust the record on appeal. Rule 8009(e)(1) tasks the bankruptcy court with resolving "differences . . . about whether the record accurately discloses what occurred in the bankruptcy court." Rule 8009(e)(2)(B) lets the bankruptcy court order that a supplemental record be sent if any material item was omitted from the record due to error or accident. In general, however, "[a]ll other questions about the form and content of the record must be presented to the court where the appeal is pending." *See* Fed. R. Bankr. P. 8009(e)(3).

    II.    <u>Items 1, 4, 8, 9, and 24</u>

Items 1, 4, 8, 9, and 24 in the designation of the record were not sent in the record on appeal. According to the Clerk's certificates, those items "could not be located due to lack of identifying case information." The designation of the record lists titles and dates for items 1, 4,

2

8, and 9.  For item 24, the designation of the record has a general description and an indefinite date range.   No cases or adversary proceedings are identified for any item.

*Items 1 and 4*

Given the purpose of a record on appeal, noted above, it is largely expected that items designated to be included in the record will be items from the adversary proceeding in which the appeal is pending and perhaps items from the main bankruptcy case.  It is also expected that the designated items will be sufficiently described so that the bankruptcy court clerk can find them.

Items 1 and 4 lack such qualities.  Based on the attachments to the Foistners' motion, those items do not appear to be from this adversary proceeding (filed in 2019) or the main bankruptcy case (Case No. 17-10796, filed in 2017).  Instead, item 1 has a caption listing three companies—none being parties here—with bankruptcy cases that were closed in 2016 (Case Nos. 14-10993, 14-10994, 14-11000).  Item 4—described in the designation of the record as a "criminal complaint" dated in 2018—seems to be related to the same cases.  Item 1 does not appear to be on the dockets in those cases.[1]  Likewise, item 4 does not appear to be on the dockets in those cases or in a vaguely referenced adversary proceeding (Adv. Proceeding No. 16-01034), which was also closed in 2016.

Essentially, the Foistners now ask that items 1 and 4 be added to the record on appeal because they believe that those items were properly designated to be included.   They also assert

---

[1] Item 1 is titled as a motion and is dated July 26, 2016, in the designation of the record and in the attachment to the Foistners' motion (where it is also, seemingly erroneously, dated July 26, 2019). Case  No. 14-10993 was closed in February 2016.  No motions were filed there after that.   In the other two cases, a motion was filed in late July or early August 2016 but was stricken and removed from each case because "the attorney's signature on the document does not match the electronic signature of the attorney filer" (Case No. 14-10994, Dkt. No. 123; Case No. 14-11000, Dkt. No. 123).   The motion appears to have been refiled in each case on August 10, 2016, but it differs from item 1 attached to the Foistners' motion.

that the items were previously submitted but provide no details about where to find the earlier submission.  They have shown no basis here to adjust the record under Rule 8009.

Under Rule 8009(e)(1), resolving "differences" about the accuracy of the record on appeal tends to come only after adverse parties have argued about what must be included.  Here, no adverse party has taken an active role in the appeal.  In any event, the Foistners do not say how, without items 1 and 4, the record is inaccurate for purposes of the current appeal.  Thus, there is no reason to adjust the record under Rule 8009(e)(1).

That leaves Rule 8009(e)(2)(B)—erroneous or accidental omission of a material item. With only a document title and date listed in the designation of the record, the Clerk could not reasonably have been expected to know to look for documents in closed cases and an adversary proceeding that are not noticeably related to this adversary proceeding or the main bankruptcy case here.  Even if the Clerk looked, she would be hard-pressed to find documents that do not appear to be where the Foistners seem to suggest (through the attachments to their motion).  The omission of items 1 and 4 from the record was due to no error by the Clerk.  The omission stemmed from insufficient descriptions in the designation of the record.

Assuming (without deciding) that such an error could be excused, the Foistners offer no argument that items 1 and 4 are material.  Thus, there is no reason to adjust the record under Rule 8009(e)(2)(B) either.  The Foistners' request to add items 1 and 4 to the record is denied. The denial is without prejudice to any party seeking similar relief in the District Court.  *See* Fed. R. Bankr. P. 8009(a)(4), (e)(2)(C), (e)(3).

*Items 8 and 9*

In the designation of the record, items 8 and 9 have very similar titles and the same date but no other identifying information.  Notwithstanding their slight differences in the

4

designation, items 8 and 9 attached to the Foistners' motion appear to be identical. They also appear to be a motion that was filed (and denied) in the main bankruptcy case in 2018 (Case No. 17-10796, Dkt. Nos. 190, 218-219). That motion's title and date match the description of item 8 in the designation of the record. Although listing no case number, the description seems sufficient for finding the motion in the main bankruptcy case.

As noted, when a material item has been accidentally omitted from the record, the bankruptcy clerk can be directed to send it in a supplemental record. *See* Fed. R. Bankr. P. 8009(e)(2)(B). Here, it seems that the Clerk accidentally omitted item 8. One could surely question whether the item is material. But, given that the accidental omission was not based on a deficiency in the designation of the record, the Court will permit the item to be sent in a supplemental record, as detailed at the end of this Order. Because item 9 is apparently no different from item 8 in substance, the Foistners' request to add item 9 to the record is denied as unnecessary.

*Item 24*

In the designation of the record, item 24 is broad: "any and all court orders issued by this Court – period September 24 through present – or the time of the hearing on this appeal" (emphasis omitted and capitalization altered).[2] In their motion, the Foistners say that item 24 "consists of future orders that may be issued – such as this certificate transmittal of partial record on appeal" and "consists of all future orders and motions, such as this motion, to be added as records on appeal" (emphasis omitted and capitalization altered). The Foistners generally repeated these descriptions on a one-page attachment associated with item 24. The Foistners do

---

[2] The two orders referenced in the October 2, 2024 notices of appeal [Dkt. Nos. 423, 427, 431, 435] were both entered on September 23, 2024 [Dkt. Nos. 410, 411].

5

not identify an adversary proceeding or case to which item 24 would apply, which might explain the Clerk's reason for being unable to locate it.

Even assuming that the Foistners intended item 24 to apply only to this adversary proceeding, there is no basis to adjust the record under Rule 8009. The Foistners have not said how adding to the record on appeal on an ongoing basis is warranted. Depending on those details, this Court might lack the authority to address the request. *See, e.g.*, Fed. R. Bankr. P. 8009(e)(3). The Foistners' request to add item 24 to the record is denied without prejudice.

### III. Items 5, 6, and 7

Items 5, 6, and 7 were not sent in the record on appeal. According to the Clerk's certificates, those items "were stricken from the docket and cannot be transmitted." Items 5 and 6 refer to two motions from another adversary proceeding (Adv. Proceeding No. 17-01083) that was closed in 2019 but which was related to the main bankruptcy case. Item 7 refers to a motion that was filed in the main bankruptcy case in 2019.

*Items 5 and 7*

Item 5 refers to the motion filed at Docket No. 55 in Adversary Proceeding No. 17-01083. It was stricken in 2018. Item 7 refers to a motion filed at Docket No. 322 in Case No. 17-10796. It was stricken in 2019. As each one was stricken, the Clerk replaced it in the Court's electronic filing system with a copy of the order striking the document(s).[3] The docket has no indication that the Clerk retained copies of the stricken materials.

In their motion, the Foistners contend that the items "are necessary to show the Criminal RICO Racketeering History of this Court's Judiciary and . . . Officers of the Court," asserting

---

[3] Contrary to what the title of the Foistners' motion might suggest, the items were stricken several years ago—not in response to the designation of the record on appeal.

6

that the items "were certainly stricken . . . to hide . . . Criminal Conduct[.]" Even if the Clerk has copies of the items (and although the Foistners have provided purported copies), there is no basis, from this statement alone, to conclude that the record on appeal must or even can be adjusted by this Court. Thus, the Foistners' request to add items 5 and 7 to the record is denied. The denial is without prejudice to any party seeking similar relief in the District Court. *See* Fed. R. Bankr. P. 8009(a)(4), (e)(2)(C), (e)(3). To provide clarity, the Court will direct the Clerk to confirm whether copies of the documents were retained when stricken from the record.

*Item 6*

Item 6 refers to the motion filed at Docket No. 54 in Adversary Proceeding No. 17-01083. It was not stricken. Thus, the Clerk appears to have erroneously omitted this item from the record on appeal. Although the materiality of this item seems questionable, the Court will not let that prevent the item from being sent in a supplemental record, given that the error was not apparently due to any deficiency in the designation of the record. *See* Fed. R. Bankr. P. 8009(e)(2)(B). The Foistners' request to add item 6 to the record is thus granted, as detailed at the end of this Order.

    IV.    <u>Other Requests</u>

*Hearing*

In their motion, the Foistners request "a hearing if necessary to review the Criminal, Unethical, and Negligent Conduct evidenced in all of the documents." No such hearing is necessary here, and thus, the request is denied.

*Other Parties*

The Foistners make the requests in their motion as individuals. They also seek to make the same requests on behalf of other parties. In general, the Foistners are not allowed to make

requests on behalf of others, although there is one possible exception.[4] The lack of authority alone warrants denial of requests made on behalf of others that the Foistners are not permitted to represent, and such requests are denied accordingly.

  V. <u>Summary</u>

As detailed above, the Foistners' request to add items 1, 4, 5, 7, 9, and 24 to the record on appeal is denied. The Foistners' request to add items 8 and 6 to the record is granted as follows. As a supplemental record, the Clerk of this Bankruptcy Court is directed to certify and send the following filings to the Clerk of the District Court:

  1. Case No. 17-10796, Docket No. 190 (Mar. 19, 2018); and

  2. Adversary Proceeding No. 17-01083, Docket No. 54 (Oct. 1, 2018).

Further, the Clerk of the Bankruptcy Court is directed to file a notice on the docket in this adversary proceeding that states whether the Clerk has retained copies of documents that were stricken—specifically, Docket No. 55 in Adversary Proceeding No. 17-01083 and Docket No. 322 in Case No. 17-10796. Any such copies must remain sealed and cannot be sent to the Clerk

---

[4] The Foistners are each self-represented here. As explained in the Court's January 2, 2025 Order [Dkt. No. 517]:

> Because neither [of the Foistners] is a member of the bar of the United States District Court for the District of New Hampshire, the Foistners' authorization to each represent anyone other than themselves individually is almost nonexistent. *See* Fed. R. Bankr. P. 9010(a); LBR 9011-2; LR 83.6(b)-(c); *see also* 28 U.S.C. § 1654; <u>Rowland v. California Men's Colony,</u> 506 U.S. 194, 201-02 (1993). Under a local rule, however, Mrs. Foistner has been permitted to represent the DCMV Trust since December 2023—only because she has claimed to be the trustee and sole beneficiary of that trust. Dec. 7, 2023 Order 3 [Dkt. No. 335] (citing LR 83.6(c)); *see also* Jan. 19 2024 Order 2 n.2 [Dkt. No. 372]. As to the other defendants, the Foistners have no authority to represent those defendants and have previously been advised of this limitation. *E.g.*, Jan. 19, 2024 Order 1 [Dkt. No. 372]; Dec. 7, 2023 Order 1-2 [Dkt. No. 335]; Nov. 21, 2023 Am. Order 1-2 [Dkt. No. 318].

Throughout this ruling on the Foistners' current motion, the Court has generally referred to the requests as being those of "the Foistners" as individuals. This was done for readability purposes. To the extent that Mrs. Foistner made requests on behalf of the DCMV Trust, those requests did not differ from her own and, in the circumstances presented by the motion, do not impact the Court's analysis.

of the District Court unless the District Court so orders. *See, e.g.*, Fed. R. Bankr. P. 8009(f)(2) (requiring that party obtain permission from appellate court before sealed document can be sent as part of record on appeal).

Finally, the Foistners' request for a hearing and requests made on behalf of parties that the Foistners are not permitted to represent are denied.

Dated: January 13, 2025

/s/ Michael A. Fagone
_____
Michael A. Fagone
United States Bankruptcy Judge
District of New Hampshire
(Sitting by Designation)